**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ATLANTIQUE PRODUCTIONS, S.A., a corporation, | No. 14-55326 |
| Plaintiff - Appellant, | D.C. No. 2:12-cv-08632-DMG-PLA |
| v. | |
| ION MEDIA NETWORKS, INC., a Florida corporation, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Dolly M. Gee, District Judge, Presiding

Argued and Submitted March 7, 2016
Pasadena, California

Before: PREGERSON, PAEZ, and NGUYEN, Circuit Judges.

Plaintiff-Appellant Atlantique Productions appeals the district court's

summary judgment in favor of Defendant-Appellee ION Media in Atlantique's

breach of contract, promissory estoppel, and fraud action arising out of the

_____

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

negotiations to broadcast an Atlantique-produced television series. We have jurisdiction pursuant to 28 U.S.C. § 1291. Reviewing the district court's decision de novo, we affirm. *Szajer v. City of Los Angeles*, 632 F.3d 607, 610 (9th Cir. 2011).

1. We apply California law, not New York law. *See Trans-Tec Asia v. M/V Harmony Container*, 518 F.3d 1120, 1124 (9th Cir. 2008) ("[W]e cannot rely on the choice of law provision until we have decided, as a matter of law, that such a provision was a valid contractual term . . . ."); *Washington Mt. Bank, FA v. Superior Court*, 24 Cal. 4th 906, 919 (2001) ("[T]he foreign law proponent must identify the applicable rule of law in each potentially concerned state and must show it materially differs from the law of California.").

2. The district court did not err in concluding that a contract had not been formed because the signature protocol demonstrated the parties' agreement that signatures were required for the contract to be binding. ION communicated to Atlantique several times that the agreement would become binding only after both Atlantique and ION signed and that ION needed to obtain the requisite internal corporate approvals before signing. Atlantique agreed to this protocol, which is evidenced by Atlantique's sending ION the "partially executed" term sheet for ION's signature. Atlantique has failed to identify any evidence sufficient to raise a

reasonable inference that the parties' mutual understanding about the signature protocol changed. Therefore, the district did not err in granting summary judgment in favor of ION on the breach of contract claim. *See First Nat. Mortg. Co. v. Fed. Realty Inv. Trust*, 631 F.3d 1058, 1065 (9th Cir. 2011) ("Where . . . there is a manifest intention that the formal agreement is not to be complete until reduced to a formal writing to be executed, there is no binding contract until this is done.") (alteration in original).

3. The district court did not err in concluding that Atlantique's claims of promissory estoppel and fraud also fail. It was unreasonable as a matter of law for Atlantique to rely on the contract before ION signed it. *See Rennick v. O.P.T.I.O.N. Care, Inc.*, 77 F.3d 309, 317 (9th Cir. 1996) ("If a party refuses to be bound, yet the other changes its position in reliance on the expectation that a contract will be made, reliance on the expectation cannot turn the non-promise into a contract."). In addition, Atlantique fails to provide any persuasive evidence, even viewing the evidence in the light most favorable to Atlantique, that ION misled Atlantique into believing that a final, binding agreement existed. *See Lazar v. Superior Court*, 12 Cal. 4th 631, 638 (1996) (listing misrepresentation as an element of fraud).

**AFFIRMED**.